UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

CASE NO.: 1:23-cv-00468

IVAN RADIC,

            Plaintiff,

v.

ALLCITY ADJUSTING LLC, and
ZOR DEVELOPMENT LLC,

            Defendants,

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff IVAN RADIC by and through his undersigned counsel, brings this Complaint against Defendants ALLCITY ADJUSTING LLC and ZOR DEVELOPMENT LLC for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1.    Plaintiff IVAN RADIC ("Radic") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Radic's original copyrighted Work of authorship.

2.    Radic has been a professional photographer since 2017. Radic works with many different clients and focuses on different styles of photography.

3.    Defendant ALLCITY ADJUSTING LLC ("AllCity") is a family-owned claims company that assists owners of residential and commercial property when they file a claim with their insurer. They are one of the only multi-lingual public adjuster companies that will handle the entire claim process from start to finish. Outside of helping residential and commercial

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

property owners, AllCity also has established teams around the nation that help with disaster relief situations. At all times relevant herein, AllCity owned and operated the internet website located at the URL www.allcityadjusting.com (the "Website").

4. Defendant ZOR DEVELOPMENT LLC ("ZOR") is the registrant of the Website.

5. Defendants AllCity and ZoR are collectively referred to herein as "Defendants." Radic alleges that Defendants copied Radic's copyrighted Work from the internet in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting sales to the public in the course and scope of the Defendants' business.

## JURISDICTION AND VENUE

6. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

8. Defendants are subject to personal jurisdiction in Indiana.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

10. AllCity Adjusting LLC is an Indiana Limited Liability Company, with its principal place of business at 99 East 86th Avenue, Suite G, Merrillville, Indiana, 46410, and can be served by serving its Registered Agent, Andrzej Gurczak, 127 Main Street, Crown Point, Indiana, 46307.

11. ZOR Development LLC is an Indiana Limited Liability Company, with its principal place of business at 127 Main Street, Crown Point, Indiana, 46307, and can be served by serving its Registered Agent, Andrzej Gurczak, at the same address.

### THE COPYRIGHTED WORK AT ISSUE

12. In 2020, Radic created the photograph entitled "Plaster falling off the ceiling," which is shown below and referred to herein as the "Work".



13. Radic registered the Work with the Register of Copyrights on September 17, 2021, and was assigned registration number VA-2-275-657. The Certificate of Registration is attached hereto as **Exhibit 1**.

14. Radic published the Work on May 31, 2020, by displaying it on his Flickr page at https://www.flickr.com/photos/26344495@N05/49956319808 (the "Flickr Page"). At the time he published the Work on the Flickr Page and at all times thereafter, Radic denied usage rights to

the public with details able to be found by clicking on his All Rights Reserved link on his Flickr Page.[1]

15. Radic's display of the Work on the Flickr Page also included copyright management information ("CMI") next to the Work in the form of Radic's name, copyright notice, and the link to the licensing terms (collectively the "Attributions").

16. Radic's Work is protected by copyright but was not otherwise confidential, proprietary, or trade secrets. The Work in perspective, orientation, positioning, lighting, and other details is entirely original, distinctive, and unique. As such, the Work qualifies as subject matter protectable under the Copyright Act.

17. At all relevant times Radic was the owner of the copyrighted Work.

## INFRINGEMENT BY DEFENDANTS

18. Defendants have never been licensed to use the Work at issue in this action for any purpose.

19. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

20. On or about June 29, 2022, Radic discovered the unauthorized use of his Work on the Blog section of the Website https://www.allcityadjusting.com/2022/05/10/claims-for-poorly-installed-stucco/.

21. Defendants copied Radic's copyrighted Work without Radic's permission.

22. After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their claims adjusting business.

---

[1] https://www.flickrhelp.com/hc/en-us/articles/4404078674324-Change-Your-Photo-s-License-in-Flickr

23. Defendants copied and distributed Radic's copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

24. Radic's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

25. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

26. Radic never gave Defendants permission or authority to copy, distribute or display the Work at issue in this case.

27. Radic notified Defendants of the allegations set forth herein on December 02, 2022 and January 17, 2023. To date, the parties have failed to resolve this matter.

28. When Defendants copied and displayed the Work at issue in this case, Defendants removed Radic's copyright management information from the Work.

29. Radic never gave Defendants permission or authority to remove copyright management information from the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

30. Radic incorporates the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Radic owns a valid copyright in the Work at issue in this case.

32. Radic registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

33. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Radic's authorization in violation of 17 U.S.C. § 501.

34. Defendants performed the acts alleged in the course and scope of its business activities.

35. Defendants' acts were willful.

36. Radic has been damaged.

37. The harm caused to Radic has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

38. Radic incorporates the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

39. The Work at issue in this case contains copyright management information ("CMI") in the form of Attributions on the Flickr Page.

40. Defendants knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

41. Defendants committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Radic's rights in the Work at issue in this action protected under the Copyright Act.

42. Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Radic's rights in the Work at issue in this action protected under the Copyright Act.

43. Radic has been damaged.

44. The harm caused to Radic has been irreparable.

SRIPLAW

CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

# COUNT IV
# ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION

45. Radic incorporates the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

46. The Work at issue in this case contains false copyright management information ("CMI").

47. Defendants knowingly and with the intent to enable or facilitate copyright infringement, added CMI to the Work at issue in this action in violation of 17 U.S.C. § 1202(a) in the form of its logo embedded upon the Work, as shown below:



48. Defendants distributed copies of the Works to third parties, which included false copyright management information conveyed in connection with the Work.

49. Defendants committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Radic's rights in the Work at issue in this action protected under the Copyright Act.

50. Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Radic's rights in the Work at issue in this action protected under the Copyright Act.

51. After removing CMI from the Work, Defendants applied they own false CMI upon the Work, Defendants applied they own false CMI upon the Work.

52. After applying the false CMI to the Work, Defendants published the Work in violation of 17 U.S.C. § 1202(a).

53. Radic has been damaged.

54. The harm caused to Radic has been irreparable.

WHEREFORE, the Plaintiff IVAN RADIC prays for judgment against the Defendants ALLCITY ADJUSTING LLC and ZOR DEVELOPMENT LLC that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendants be required to pay Radic his actual damages and Defendants' profits attributable to the infringement, or, at Radic's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203

c. Radic be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Radic be awarded pre- and post-judgment interest; and

e. Radic be awarded such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Radic hereby demands a trial by jury of all issues so triable.

DATED: November 3, 2023        Respectfully submitted,

*/s/ Campbell Miller*
J. CAMPBELL MILLER
IN Bar Number: 38279-49
Campbell.miller@sriplaw.com

**SRIPLAW, P.A.**
6325 Riverview Drive
Indianapolis, IN 46220
317.965.7772 – Telephone
561.404.4353 – Facsimile

and

EVAN A. ANDERSEN
Evan.andersen@sriplaw.com

SRIPLAW, P.A.
3355 Lenox Road NE
Suite 750
Atlanta, GA 30326
470.598.0800 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Ivan Radic*